

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2004

# Headley v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2148

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"Headley v. INS" (2004). *2004 Decisions.* Paper 926.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/926

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

03-2148
_____

COLOMBINO A. HEADLEY,
Appellant

v.

IMMIGRATION & NATURALIZATION SERVICE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania

(Civil Action No. 1:02-CV-1988)

District Judge: The Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a) (1993)
December 2, 2003
_____

Before:  SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges

(Opinion Filed: March 19, 2004)

---

[*] Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

---

OPINION

---

FRIEDMAN, <u>Circuit Judge</u>.

In this appeal from a district court's denial of habeas corpus for an alien ordered removed from the United States, the alien challenges, as a denial of equal protection, a provision of the immigration laws that denies lawful permanent resident aliens but permits non-lawful permanent resident aliens to obtain waivers of removal. Because this court previously has upheld this statutory distinction against the same equal protection challenge, we affirm.

I

The facts, as set forth in the memorandum of the district court, are undisputed. The appellant Columbino A. Headley, a Panamanian citizen, has been a lawful permanent resident of the United States for more than forty years. He was convicted in 2001 on his guilty plea of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to fifteen months imprisonment. The Immigration and Naturalization Service then instituted proceedings to remove him from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). The immigration judge ordered Headley removed, and the Board of Immigration Appeals affirmed.

Headley then filed a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania, challenging as an unconstitutional denial of equal

protection the provision in 8 U.S.C. § 1182(h) that prohibits a waiver of removal for an alien "who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony," 8 U.S.C. § 1182(h), but that permits such a waiver for aliens who had not been lawfully admitted for permanent residence.

The district court denied the petition. It relied on De Leon-Reynoso v. Ashcroft, 293 F.3d 633 (3d Cir. 2002), where this court upheld § 1182(h) against the same equal protection constitutional challenge.

## II

In De Leon-Reynoso, this court rejected the same equal protection challenge made to another provision of § 1182(h) that denied a waiver of removal to aliens who had not been legally resident in the United States for seven years and had been convicted of crimes involving moral turpitude. Noting that three other courts of appeals had rejected such a challenge to the constitutionality of the provision, this court held: "Because Congress conceivably had good reasons to create the § 1182(h) distinction, we hold that the distinction survives rational basis scrutiny." Id. at 640. It explained:

> First, Congress could have concluded that LPRs [lawful permanent residents] who commit crimes of moral turpitude, despite rights and privileges based on their status that illegal aliens do not share, are "uniquely poor candidates" for waiver. Second, LPRs with employment and family ties to the United States, who are still willing to commit serious crimes, are a higher risk for recidivism than non-LPRs who commit serious crimes but lack ties to the United States. Although these two rationales do not command enthusiasm, they form a plausible justification for the distinction made by Congress. In legislation aimed at the legitimate government

3

interest of expediting the deportation of immigrants who commit serious crimes in this country, we cannot say that the distinction between the two classes of aliens is irrational.

Id.

The court referred to Lara-Ruiz v. Immigration & Naturalization Service, 241 F.3d 934 (7th Cir. 2001), one of the other cases in which the same equal protection challenge to § 1182(h) was rejected and in which the alien had been convicted of an aggravated felony. It stated:

> The Court [there] also noted that LPRs have rights and privileges based on their status that are not shared by non-LPRs, and that LPRs have closer ties to the United States through work and family. Id. [at 947]. "Therefore, Congress may rationally have concluded that LPRs who commit serious crimes despite these factors are uniquely poor candidates for . . . waiver of inadmissibility." Id.
>
> Finally, the Court stated that in making LPRs ineligible for waiver, "Congress might well have found it significant that . . . such aliens have already demonstrated that closer ties to the United States and all of the benefits attending LPR status were insufficient to deter them from committing serious crimes." Id. at 948. Thus, it concluded that LPRs were a higher risk for recidivism and less deserving of a second chance than non-LPRs.

De Leon-Reynoso, 293 F.3d at 639.

This holding and reasoning are equally applicable to the present case. It is immaterial to the constitutional analysis that this case involves an alien ineligible for waiver who had been a lawful permanent resident for more than forty years and had been convicted of an aggravated felony, whereas De Leon-Reynoso was ineligible for waiver because he had been a lawful permanent resident for less than seven years and had been convicted of a crime involving moral turpitude. In both cases the critical consideration is

4

that there is a rational basis for the distinction Congress drew between aliens who are lawful permanent residents and those who are not.

Indeed, Headley himself recognizes in his brief that in De Leon-Reynoso this court "rejected the claim which is now being advanced by the petitioner. The appellate panel which hears this case will therefore be required to apply De Leon-Reynoso precedent, and to affirm the order of the district court." Headley explains that "[t]he issue presented is being raised so as to preserve it for review in the Supreme Court."

The order of the district court denying the petition for habeas corpus is affirmed.